UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**Jacqueline Harrison,**
an individual,

       **Plaintiff,**          Case No.:

*-vs-*          HON:

**Soave Enterprises and**
**Parts Galore**, domestic limited liabilities
companies.

       **Defendant.**
_____/

BURGESS SHARP & GOLDEN, PLLC
Attorney for Plaintiff
BY:   Joseph A. Golden (P14105)
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
joseph@bsglawfirm.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**JACQUELINE HARRISON** ("PLAINTIFF"), states the following for her Complaint against Soave Enterprises and Parts Galore, a domestic limited liability companies, ("DEFENDANTS").

1.    Plaintiff is a resident of the County of Wayne, State of Michigan.

2. Defendants are domestic limited liability companies, incorporated in Michigan and conduct business in the State of Michigan and throughout the United States.

3. The events giving rise to this cause of action occurred in the City of Detroit, Wayne County, Michigan.

4. At all relevant times, Plaintiff was employed by Defendants.

5. This court has jurisdiction pursuant to the Americans with Disabilities Act, 42 USC 12101, et seq.

## FACTUAL ALLEGATIONS

6. Plaintiff began working for Defendant on or about December 10, 2005 as a manager.

7. In her position, Plaintiff's job was to manage the Warren Avenue Parts Galore operation. Her job responsibilities included managing the front office and the parts yard.

8. Defendant is Detroit's original and largest self-service auto parts company.

9. Defendant opened their first parts yard on 8 Mile road in 2005 and have since expanded to two other locations in metro Detroit.

10. Parts Galore maintains large vehicle yards and allows customers a self-service opportunity to salvage parts from vehicles in Defendant's yard.

11. Plaintiff is medically obese and suffers from a torn anterior cruciate ligament, (ACL). These disabilities limit her mobility and specifically her ability to kneel.

12. Defendant was aware of plaintiff's disabilities and even offered her a John Deere motorized cart to assist her in traveling throughout the vast parts lot.

13. Plaintiff purchased a mobile mirror on wheels (similar to the mirrors that Border Patrol and DOT officers use to check under vehicles) to enable her to conduct required under-car inspections as part of her job duties.

14. Plaintiff had performed the under-vehicle inspections using the mirror successfully for five years while employed by Parts Galore.

15. Plaintiff worked for Regional Manager, Mr. Morell since he started with the company in August of 2014.

16. Mr. Morell and the Human Resource Director, Marcia Moss met with Plaintiff to discuss the viability of a reasonable accommodation (beyond offering Plaintiff a motorized cart).

17. Despite her disabilities Plaintiff was able to perform all of the duties of her role as manager of Parts Galore.

18. Plaintiff was able to manage the office as well as supervise the yard.

19. Defendant also employed supervisors who were stationed outdoors to assist customers and to perform inspections on vehicles in the yard.

20. While working for Parts Galore, Plaintiff was not made aware of a situation, nor was she ever written up for any disciplinary action.

21. On the day prior to her termination, Plaintiff received and e-mail from Mr. Morell stating that her store was the only store "on point of meeting our sales goal and to keep up the good work."

22. Plaintiff knows of two other similarly situated Parts Galore managers who were not disabled and were treated more favorably when it came to disciplinary actions.

23. On August 26, 2015, the Plaintiff was terminated. Defendant stated, "your position has been terminated because you can no longer perform your managerial duties because you cannot look under cars due to your torn ACL."

24. Plaintiff was not engaged in the interactive process by Defendant and was terminated because of her disability in violation of the ADA.

25. The EEOC issued Plaintiff a right-to-sue letter on August 17, 2016, and the notice was received by Plaintiff within 5 days.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

26. Plaintiff incorporates by reference the preceding paragraphs.

27. Plaintiff is a person within the meaning of Section 101(7) of the Americans with Disabilities Act as Amended (ADAAA), 42 USC 12111(7).

28. Defendant meets all of the requirements for employer status under the ADAAA. 42 USC 12111(5)(a).

29. At all relevant times, Plaintiff was an individual with a disability within the meaning of section 3(2) of the ADAAA. 42 USC 12102(2).

30. Specifically, Plaintiff had physical impairments that substantially limited one or more of her major bodily functions, had a record of the impairments, and was regarded by Defendants as having the impairments.

31. Plaintiff is a qualified individual with a disability as that term is defined in ADAAA, 42 USC 12111(8).

32. Plaintiff was treated differently than others because of her disabilities.

33. Plaintiff was discriminatorily disciplined because of her disabilities.

34. Plaintiff is an individual who, with or without reasonable accommodations, could have performed the essential functions of her job as a manager.

35. Defendant refused to engage in the interactive process.

36. Plaintiff was terminated from her position as a manager because of being regarded as disabled, requesting an accommodation, or because of her disabilities.

37. Defendant's failure to make reasonable accommodations and wrongfully terminating Plaintiff constitutes discrimination against Plaintiff with respect to terms and conditions or privileges of employment.

38. Defendants' conduct constitutes a violation of the ADAAA.

39. Defendants failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for her.

40. Defendants conducted themselves with malice or with reckless indifference to Plaintiff's federally protected rights.

41. As a direct and proximate result of Defendants' discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment advancement opportunities.

42. In addition, Defendants' failure to make reasonable accommodations for Plaintiff has exacerbated her already existing medical conditions.

43. Further, Defendants' failure to make reasonable accommodations to Plaintiff and termination of her caused her to suffer substantial damages

for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Plaintiff requests that this Honorable court award her:

a) A judgment of damages, past and future, in whatever amount she is found to be entitled;

b) Compensatory damages in whatever amount she is found to be entitled;

c) Emotional distress damages in whatever amount she is found to be entitled;

d) Punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay; and

e) An award of interest and costs.

## COUNT II – VIOLATION OF ELCRA

Plaintiff incorporates the preceding paragraphs above as though fully restated herein.

44. Defendants Soave Enterprises and Parts Galore are employers as defined in Michigan's Elliott-Larsen Civil Rights Act (the Act), MCLA 37.2301, 37.2401, MSA 3.5487(301), (401).

45. At all relevant times, Plaintiff was employed by Defendants.

46. Plaintiff is a morbidly obese female.

47. Plaintiff was subjected to a hostile work environment due to her weight by Defendants.

48. During the course of her employment, Defendants repeatedly subjected Plaintiff to treatments more severe than her non-obese, non-disabled counterparts.

49. Defendants' actions were based entirely upon Plaintiff's weight and disabilities and had the purpose or effect of substantially interfering with her employment and creating an intimidating, hostile, and offensive work environment.

50. As a direct and proximate result of unlawful treatment of the Plaintiff, based on her disabilities, Plaintiff has suffered lost wages, benefits, and loss of employment advancement opportunities.

51. Further, Defendants' unlawful treatment of Plaintiff caused her to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Plaintiff requests that this Honorable court award her:

a) Judgment of damages, past and future, in whatever amount she is found to be entitled;

b) Compensatory damages in whatever amount she is found to be entitled;

c) Emotional distress damages in whatever amount she is found to be entitled;

d) Punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay; and an award of interest and costs.

Dated: November 17, 2016　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　Burgess Sharp & Golden, PLLC

　　　　　　　　　　　　　　　　　　　　By: /s/ Joseph A. Golden
　　　　　　　　　　　　　　　　　　　　Joseph A. Golden (P14105)
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　43260 Garfield Road, Suite 280
　　　　　　　　　　　　　　　　　　　　Clinton Township, MI 48038
　　　　　　　　　　　　　　　　　　　　586-226-2627
　　　　　　　　　　　　　　　　　　　　joseph@bsglawfirm.com

## JURY DEMAND

Plaintiff requests a jury trial in the above-captioned matter.

Dated: November 17, 2016　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　By: /s/ Joseph A. Golden
　　　　　　　　　　　　　　　　　　　　Joseph A. Golden (P14105)
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　43260 Garfield Road, Suite 280
　　　　　　　　　　　　　　　　　　　　Clinton Township, MI 48038
　　　　　　　　　　　　　　　　　　　　586-226-2627
　　　　　　　　　　　　　　　　　　　　joseph@bsglawfirm.com