UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE HARRISON,

    Plaintiff,

v.

    Civil Case No. 16-14084
    Honorable Linda V. Parker

SOAVE ENTERPRISES and
PARTS GALORE,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 22)

Plaintiff Jacqueline Harrison initiated this action against Defendants Soave Enterprises and Parts Galore (collectively "Defendants") for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101 *et seq.,* and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws Ann. § 37.2101 *et. seq.,* alleging discrimination based on her claimed disability and her weight. (ECF No. 1.)

Presently before the Court is Defendants' motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. (ECF No. 22.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). (ECF Nos. 22, 23, 24.)

## I. Factual Background

On or about December 20, 2005, Plaintiff Jacqueline Harrison began working for or with Defendants Soave Enterprises and Parts Galore. (ECF No. 1 ¶ 6.) Parts Galore maintains large vehicle yards and allows customers a self-service opportunity to salvage parts from vehicles in the yard. (*Id.* ¶ 10.) Plaintiff served as the Manager to the Warren Avenue Parts Galore operation. (*Id.* ¶ 7; ECF No. 22 ¶ 5.) Her duties included, *inter alia,* spot checking five cars per day to ensure that the vehicles were ready to be placed in the yard for customer use. (ECF No. 22 ¶¶ 6–7.) This duty required Plaintiff to look under the hood of the vehicle and under the vehicle itself to ensure that the catalytic converter had been removed. (*Id.* at ¶ 8.) To examine under the vehicle itself, Plaintiff needed to kneel and look under the car. (*Id.* ¶ 11.)

Plaintiff is obese, weighing 300 pounds at the time of her alleged employment with Defendants, and suffers from a torn anterior cruciate ligament ("ACL"). (ECF No. 23 at PgID 190; ECF No. 1 ¶ 11.) She alleges that her torn ACL qualifies as a disability under the ADA and that it limits her mobility, specifically her ability to kneel. (ECF No. 1 ¶ 11.) At some time in her employment, Plaintiff claimed that she could not kneel to look underneath the vehicles. (ECF No. 22 ¶ 12.) She requested that Defendant Parts Galore purchase a mirror to aid her in inspecting the underside of the vehicles; Defendants

2

purchased the mirror for Plaintiff, authorized by Tony Murell, Parts Galore Regional Manager. (*Id.* ¶¶ 13–14.) Plaintiff later testified that, other than an inability to kneel, she did not have any physical limitations that would preclude her from performing her duties. (ECF No. 22-3 at PgID 107.) She also testified that, at the time of her termination, no doctor had imposed any medical or physical restrictions on her of any kind, and that she was not being treated for her ACL injury. (*Id.* at PgID 102.) Plaintiff claims, however, that her ACL injury prevents her from walking long distances and on certain terrains. (ECF No. 23-2 at PgID 215.) Although Plaintiff underwent knee surgery in or around 2011, she was not given any limitations pertaining to her knee from her treating physician. (ECF No. 22-3 at PgID 102.) Other than the mirror, Plaintiff made no requests for accommodations for her claimed disability from Defendants, and she believed that no other accommodations were needed. (*Id.* at PgID 113.)

Plaintiff alleges that she was discriminated against because of her disability—an ACL injury—arguing that: (1) Defendants refused to accommodate her, and (2) Defendants terminated her due to her injury. She also alleges that she was discriminated against because of her weight, arguing that Defendants terminated her for that reason. Plaintiff testified that she was provided no other reason for her termination and has no evidence of any reason other than Defendants' statements to her that she was terminated because of her ACL injury

that limited her ability to perform her managerial duties. (ECF No. 22 ¶¶ 22–26; ECF No. 22-3 at PgID 110, 112–113; ECF No. 1 ¶ 23.)

II.  **Summary Judgment Standard**

Summary judgment, pursuant to Federal Rule of Civil Procedure 56, is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

## III.   Applicable Law & Analysis

### A. Plaintiff's Employer

Defendants argue that neither Soave Enterprises nor Parts Galore employs Plaintiff; rather, Plaintiff is employed by Ferrous Processing and Trading Company ("FPT"). (ECF No. 22 at PgID 80.) Indeed, a claim of discrimination must be lodged against the rightful employer. *See* 42 U.S.C.A §§ 12111(5), 12112(a); *see also* Mich. Comp. Laws § 37.2202(1).

Although Plaintiff testified that FPT was her employer, companies can be so intertwined that they constitute a single employer. (ECF No. 22-3 at PgID 100); *Swallows v. Barnes & Noble Book Stores*, 128 F.3d 990, 993 (6th Cir. 1997). Courts use three approaches to examine whether two companies may constitute one employer: (1) courts examine whether two entities are so interrelated that they

may be considered as one[1], (2) courts consider whether one defendant has control over another company's employees sufficient to show that the two companies are acting as a "joint employer", and (3) courts examine whether the person or entity that took the allegedly illegal employment action was acting as the agent of another company. *Swallows*, 128 F.3d at 992-93 (citations omitted).

Here, Plaintiff enumerates several facts that substantiate her claim that Defendants should be considered her employer: (1) Bill Wild, Soave President of Highway Auto Equipment, was her direct supervisor, ECF No. 23 at PgID 179, and submitted the business plan to FPT to create Parts Galore, *id.* at PgID 183-84, (2) Tony Murell, Parts Galore Regional Manager, also served as Plaintiff's supervisor, (3) FPT is a subsidiary of Soave, (4) FPT's website states that it is owned by Soave, (5) Mr. Murell decided and carried out Plaintiff's termination, and (6) Marcia Moss, Soave Human Resources Director, was present with Mr. Murell during Plaintiff's termination. *Id.* Given the shared management and supervision between Soave and FPT and Soave's ownership of FPT (which operates Parts

---

[1] "In determining whether to treat two entities as a single employer, courts examine the following four factors: (1) interrelation of operations, *i.e.,* common offices, common record keeping, shared bank accounts and equipment, (2) common management, common directors and boards, (3) centralized control of labor relations and personnel, and (4) common ownership and financial control." *Swallows*, 128 F.3d at 993-94 (citation omitted).

Galore), the Court concludes that Defendant Soave Enterprises serves as Plaintiff's employer, subjecting it to potential liability under the ADA and ELCRA.

## B. Disability Discrimination

To prove a *prima facie* case of disability discrimination, a plaintiff must show that: (1) she is disabled, (2) she was otherwise qualified for the position, with or without reasonable accommodation, (3) she suffered an adverse employment decision, (4) Defendants knew or had reason to know of her disability, and (5) the position remained open while Defendants sought other applicants. *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 894 (6th Cir. 2016) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996))[2]. As to the first element, a "disability" requires: (1) "a physical or mental impairment that substantially limits one or more major life activities", (2) "a record of such an impairment", or (3) "being regarded as having such an impairment." 42 U.S.C.A § 12102(1). Major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12105(2).

---

[2] Some Sixth Circuit cases use a three-element test, however, the five-element test articulated in *Monette* remains the proper test. *Ferrari*, 826 F.3d at 895.

7

Here, Plaintiff only claims one physical limitation—the ability to kneel. The Sixth Circuit has previously affirmed that, although a knee injury constitutes a physical impairment, "no reasonable jury could find that [a] knee injury substantially limits … any major life activity." *Black v. Roadway Express, Inc.*, 297 F.3d 445, 450 (6th Cir. 2002). Certainly, a knee injury impedes the ability to walk. As in *Black*, however, Plaintiff's "alleged inability to perform certain tasks or functions on a repeated or prolonged basis is not enough, as a matter of law, for [her] to meet the threshold requirement of proving that [she] is 'disabled.'" *Id.* at 451 (citation omitted). Consequently, the Court holds that Plaintiff has not established that she is disabled, and therefore, is not entitled to relief based on disability discrimination.

Plaintiff raises two other arguments to support her disability discrimination claim: (1) Defendants regarded her as disabled, and (2) Defendants refused to accommodate her. First, Plaintiff supports her claim that she was regarded as disabled solely on the fact that Defendants provided her a mirror when she requested one. This act alone does not *per se* establish that Defendants regarded Plaintiff as disabled[3]. Second, the Court has already concluded that Plaintiff is not

---

[3] To prove that a plaintiff is regarded as disabled, she must either show that: (1) Defendants mistakenly believed that she had an impairment limiting a major life activity, or (2) Defendants mistakenly believed that an actual impairment limited a (Cont'd . . .)

disabled thereby extinguishing any potential claim of a refusal to accommodate.

Assuming that Plaintiff was disabled, however, her accomodation claim would still fail because she has not provided any evidence that Defendants refused a requested accommodation. Therefore, Plaintiff's two arguments fail, and the Court concludes that Plaintiff is not entitled to relief based on disability discrimination.

**C. Weight Discrimination**

To prove a *prima facie* case of weight discrimination under the ELCRA, Plaintiff must prove that: (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) her termination gives rise to an inference of unlawful discrimination. *Sniecinski v. Blue Cross & Blue Shield of Michigan*, 666 N.W.2d 186, 193 (Mich. 2003) (citation omitted). Once Plaintiff has presented a *prima facie* case of discrimination, the burden then shifts to the Defendants to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If Defendants produce such evidence, the presumption is rebutted, and the burden shifts back to

---

major life activity. *Talley v. Family Dollar Stores of Ohio*, 542 F.3d 1099, 1106 (6th Cir. 2008). The evidence establishes that: (1) Plaintiff was impaired by her ACL injury which limited her ability to kneel, and (2) Defendants were neither mistaken about this impairment nor believed it to limit a major life activity. Thus, Plaintiff fails to establish that she was regarded as disabled.
(Cont'd . . .)

Plaintiff to show that Defendants' reason was not the true reason, but a mere pretext for discrimination. *Id.*

Plaintiff has demonstrated that: (1) she belongs to a protected class[4], and (2) she was terminated from her employment with FPT. Defendants have not argued that Plaintiff was unqualified for the position. Additionally, Plaintiff performed her managerial duties for some years while employed by FPT. However, she eventually needed an accommodation to perform her duties. Defendants supplied Plaintiff with an accommodation (although not required under the ADA because her ACL injury is not recognized as a disability under the Act). This demonstrates that Plaintiff was hindered from performing the full extent of her duties without an accommodation. Regardless, the Court will recognize Plaintiff as qualified. Finally, because the Court must draw "all justifiable inferences" in the non-movant's favor[5], the Court will infer that Plaintiff's termination was based on, at least in part, her weight.

Addressing Defendants' reason for Plaintiff's termination, Plaintiff testified that the only reason articulated to her by Defendants was her ACL injury that prevented her from performing her managerial duties. (ECF No. 22-3 at PgID 112.) In fact, Plaintiff further testified that: (1) she was never treated differently by

---

[4] An employer shall not discharge an individual from employment because of weight. *See* Mich. Comp. Laws Ann. § 37.2202(1)(a).
[5] *See Liberty Lobby*, 477 U.S. at 255.

any supervisor, (2) she never heard any supervisor refer to her weight at any time, and (3) she has no other evidence that she was terminated because of her weight. (*Id.* at PgID 112-113.) Thus, Defendants have provided a legitimate, nondiscriminatory reason for her termination—an inability to perform her duties because of a knee injury. Plaintiff, however, has failed to demonstrate and failed to provide sufficient evidence that convinces the Court that Defendants' reason merely serves as pretext for discrimination. Therefore, the Court holds that Plaintiff has failed to establish a claim of weight discrimination under the ELCRA and is not entitled to relief on that basis.

### IV. Conclusion

For the reasons set forth above, the Court grants Defendants' motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (ECF No. 22) is **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED** with prejudice.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 23, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 23, 2019, by electronic and/or U.S. First Class mail.

                                           s/ R. Loury
                                           Case Manager