UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**JACQUELINE HARRISON,**
an individual,

      **Plaintiff,**              Case No.:  16-cv-14084
*-vs-*                                  Hon.     Linda V. Parker

**SOAVE ENTERPRISES,** a domestic
limited liability company, and
**PARTS GALORE,** a domestic limited liability
company,

      **Defendants.**
_____/

| | |
|---|---|
| THE SHARP FIRM, PLLC | THE FALLUCCA LAW FIRM, PLC |
| Attorneys for Plaintiff | Attorneys for Defendants |
| BY:  Joseph A. Golden (P14105) | BY:  Thomas M. Fallucca (P33805) |
| Heidi T. Sharp (P69641) | 3400 E. Lafayette |
| 43260 Garfield Road, Suite 280 | Detroit, MI 48207 |
| Clinton Township, MI 48038 | (313) 567-7004 |
| joseph@sharpfirmlaw.com | tomfallucca@falluccalaw.com |
| heidi@sharpfirmlaw.com | |
| | LAW OFFICE OF JOHN J. O'SHEA, PLLC |
| | Co-Counsel for Defendants |
| | BY:  John J. O'Shea (P52009) |
| | 18000 Mack Avenue |
| | Grosse Pointe, MI 48230 |
| | (313) 884-2000 |
| | oshealaw@att.net |

_____/

**PLAINTIFF'S MOTION TO COMPEL RESPONSES FROM
DEFENDANTS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
TO DEFENDANTS AND TO RE-OPEN DISCOVERY FOR THE PURPOSE
OF DAMAGES DISCOVERY**

Jacqueline Harrison ("PLAINTIFF"), through her attorneys at The Sharp Firm, PLLC, requests that this Honorable Court compel responses from Defendants to Plaintiff's Second Set of Interrogatories and to re-open discovery for the purpose of damages discovery for reasons more fully articulated in the attached brief.

Dated:  September 15, 2021          Respectfully submitted,

THE SHARP FIRM

/s/ *Joseph A. Golden*
Joseph A. Golden (P14105)
Attorneys for Plaintiff
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
joseph@sharpfirmlaw.com

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**JACQUELINE HARRISON,**
an individual,

      **Plaintiff,**                Case No.:   16-cv-14084

*-vs-*                          Hon.        Linda V. Parker

**SOAVE ENTERPRISES,** a domestic
limited liability company, and
**PARTS GALORE,** a domestic limited liability
company,

      **Defendants.**

_____/

| | |
|---|---|
| THE SHARP FIRM, PLLC | THE FALLUCCA LAW FIRM, PLC |
| Attorneys for Plaintiff | Attorneys for Defendants |
| BY:  Joseph A. Golden (P14105) | BY:  Thomas M. Fallucca (P33805) |
| Heidi T. Sharp (P69641) | 3400 E. Lafayette |
| 43260 Garfield Road, Suite 280 | Detroit, MI 48207 |
| Clinton Township, MI 48038 | (313) 567-7004 |
| joseph@sharpfirmlaw.com | tomfallucca@falluccalaw.com |
| heidi@sharpfirmlaw.com | |
| | LAW OFFICE OF JOHN J. O'SHEA, PLLC |
| | Co-Counsel for Defendants |
| | BY:  John J. O'Shea (P52009) |
| | 18000 Mack Avenue |
| | Grosse Pointe, MI 48230 |
| | (313) 884-2000 |
| | oshealaw@att.net |

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
RESPONSES FROM DEFENDANTS TO PLAINTIFF'S SECOND SET OF
INTERROGATORIES TO DEFENDANTS AND TO RE-OPEN
DISCOVERY FOR THE PURPOSE OF DAMAGES DISCOVERY**

## Factual Background

This matter has been pending before the Court since 2016. Since its filing and through the filing of Defendants' dispositive motion filed in 2018, the parties conducted discovery regarding liability and damages. Following the Sixth Circuit Court of Appeals reversal of this Court entering Judgment in Defendants' favor, the case was remanded before this Court. Since then, the case has been essentially postponed due to the ongoing Covid-19 pandemic until a trial can be scheduled. In preparation for trial, Plaintiff discussed with Defendants' counsel the years long lost-wages the Plaintiff has suffered. In response, Defendants' counsel indicated that certain of its locations had closed years prior and claimed that the Plaintiff 'would have been laid off' because of those closures and thus she would be precluded in claiming certain damages because she would have been otherwise terminated during the period that this case has been pending. As this defense has never been asserted by Defendants prior, Plaintiff served Defendants with discovery requests regarding Defendants' business locations, activity, and layoffs since 2018 to the present. (Exhibit 1, Plaintiff's Second Set of Interrogatories to Defendants, dated July 28, 2021).

While the response to these discovery requests were pending, the parties participated in another status conference with the Court on August 26, 2021. At no time since receiving the discovery requests or while participating in that status

conference, did Defendants object to responding to discovery in anticipation of the upcoming trial. On September 9, 2021, Defendants served Plaintiff with its responses to the discovery requests. (Exhibit 2, Defendants' Response to Plaintiff's Second Set of Interrogatories to Defendants). Defendant outright objected to responding to 7/8 Interrogatories claiming they were not obligated to do so, "because discovery in this case closed on December 1, 2017". They further listed a laundry list of other objections and did not answer the Interrogatory. Plaintiff moves this Court to compel the Defendant to respond to all of the Interrogatories posed in their entirety.

## Legal Argument

Plaintiffs are entitled to discovery on any matter relevant to its claims and Defendants' defenses. Here, the Defendant has contended that the Plaintiff's damages would be limited after her termination because she would have been otherwise terminated within the time period at issue (between her termination and the trial date) by the closure of the facility she was previously employed at. Plaintiff is entitled to discovery on the issue of which facilities were operational, when and which employees were terminated, laid off or otherwise transferred as a result of the closures. As the Plaintiff intends to claim damages from the date of her termination through the time of trial and beyond, these are relevant issues as to her claims and of course, the Defendants' damages which she is entitled to discovery

on.  Plaintiff could not have conducted discovery on these issues prior to the Court's previously scheduled discovery deadline, because it was three years prior to the date that Defendant allegedly closed its facilities. Plaintiff posed discovery to Defendant on the facilities closure issue as soon as it became aware that this may be a defense brought at trial to mitigate the damages claimed by the Plaintiff.  If Defendant refuses to provide discovery on the damage defenses it has raised, it should be precluded from presenting these defenses and the accompanying evidence at trial, as the court is not the proper venue for sand-bagging the other party.

Further, the Defendant is obligated to supplement its previous Rule 26(a) disclosures and all previous discovery responses while this matter is pending. The notorious Federal Rule of Civil Procedure 26 requires that all previous disclosures, interrogatories and requests for production be supplemented throughout the pendency of a matter.  Rule 26(a)(1)(A)(i) requires that Defendant provide the name and subject of the information each person who is likely to use to support its defenses. Since Defendants are claiming closures in 2020, will preclude certain damages the Plaintiff is claiming, as of 2020 it was obligated to supplement its disclosures to the Plaintiff to indicate who could testify to the closures and the subject matter of the testimony each would provide.

Wherefore, Plaintiff moves this Court to compel Defendants to respond to its Second Set of Discovery with complete answers, without objections; re-open

4

discovery on the issues of damages until a trial in this matter is set and compel Defendant to supplement its initial disclosures and previous responses to discovery.

Dated: September 15, 2021      Respectfully submitted,

THE SHARP FIRM

/s/ *Joseph A. Golden*
Joseph A. Golden (P14105)
Attorneys for Plaintiff
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
joseph@sharpfirmlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon counsel of record of all parties to this cause through the court's electronic filing system on the 15th day of September, 2021.

/s/ *Tara Adams*
Tara Adams